UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
UNITED STATES OF AMERICA,       :
      :    **MEMORANDUM**
      :    **DECISION AND ORDER**
      - against -      :
      :    08-cr-0421 (BMC)
      :    16-cv-3282 (BMC)
DUROME GRAY,      :
      :
      Defendant.      :
      :
-------------------------------------------------------- X

**COGAN**, District Judge.

Defendant seeks relief under 28 U.S.C. § 2255 from his 2012 conviction by guilty plea of

Armed Postal Robbery (18 U.S.C. § 2114(a)); Assault on Federal Officers (18 U.S.C. §§

111(a)(1) and (b)); and Unlawful Use of a Firearm in the Course of an Assault (18 U.S.C. §

924(c)).  He was sentenced to 120 months to run concurrently on the § 2114 and § 111 counts,

and another 120 months to run consecutively on the § 924(c) count.  The facts can be simply

stated: defendant's conviction arises out of a gunpoint robbery of a post office, in which

defendant fired two shots.  He didn't hit the responding Marshals, but because of the shots, two

of them sustained injuries in falling down the stairs.  (The causal relationship between the shots

and the injuries for purposes of § 111 is not disputed and never has been.)

Defendant argues that under Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson

II"), his § 924(c) firearms conviction cannot stand because the crime of assault on federal

officers does not constitute a "crime of violence" as defined in 18 U.S.C. § 924(c).  The

Government responds that defendant waived his right to appeal or collaterally challenge his

conviction and that, in any event, a violation of § 111(a)(1) and (b) constitutes a crime of

violence under the "force clause" of § 924(c), whereas <u>Johnson II</u> only addressed (and invalidated) the "residual clause" in a similarly worded subsection of the statute.

I need not address the waiver argument because the Government is clearly correct on the substantive point – as one would expect, assault on a federal officer with a deadly weapon categorically requires the use of force. The force clause requires that the underlying crime "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. § 924(c)(3)(A). The assault on a federal officer statute applies when a defendant "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any [U.S. Marshal in the course of his duties] . . . where such acts involve . . . the intent to commit another felony," 18 U.S.C. § 111(a)(1), and the sentencing enhancement applies where the defendant "uses a deadly or dangerous weapon . . . or inflicts bodily injury . . . ." 18 U.S.C. § 111(b). (Not that it is material, but in his guilty plea allocution, defendant acknowledged that he fired his weapon twice.)

Although the Second Circuit has not directly held that §111(a)(1) and (b) constitute crimes of violence under § 924(c), plenty of other courts have applied the § 924(c) force clause or other force clauses that are not distinguishable from it to conclude that, at the very least, § 111(b) does. <u>See</u> <u>United States v. Kendall</u>, 876 F.3d 1264, 1270 (10th Cir. 2017); <u>United States v. Taylor</u>, 848 F.3d 476, 494-95 (1st Cir. 2017); <u>United States v. Rafidi</u>, 829 F.3d 437, 446 (6th Cir. 2016); <u>United States v. Hernandez–Hernandez</u>, 817 F.3d 207, 214-17 (5th Cir. 2016); <u>United States v. Juvenile Female</u>, 566 F.3d 943, 947 (9th Cir. 2009); <u>James v. United States</u>, No. 07-cr-139, 2020 WL 95655, at *6-8 (W.D.N.Y. Jan. 8, 2020). Defendant hypothesizes that maybe lightly poking a Marshal with a stick might suffice for purposes of § 111(b) but would not qualify as a crime of violence under the force clause in § 924(c), but he cannot cite a case where

a defendant has been prosecuted for something like that under § 924(c).  Remote and speculative

possibilities do not displace common sense in applying the force clause.  <u>See</u> <u>United States v.</u>

<u>Hill</u>, 890 F.3d 51, 56 (2d Cir. 2018) (citing <u>Gonzales v. Duenas-Alvarez</u>, 549 U.S. 183, 193

(2007)).

      Accordingly, defendant's motion is denied.  Because defendant has not demonstrated a

substantial constitutional issue, I deny a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c).

**SO ORDERED.**

                         _____

                                     U.S.D.J.

Dated:  Brooklyn, New York
        February 1, 2020