```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :    MEMORANDUM
           -against-                                        :    DECISION AND ORDER
                                                            :
DUROME GRAY,                                                :    08-cr-00421 (BMC)
                                                            :
                               Defendant.                   :
----------------------------------------------------------  X
```

**COGAN,** District Judge.

Before me is defendant's motion to reduce his sentence to time served or, in the alternative, to time served with a term of home confinement as a condition of supervised release, pursuant to the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). Defendant argues that his chronic asthma, age, and race put him at an elevated risk of serious illness or death if he were to contract COVID-19 and constitute extraordinary and compelling reasons for his release from prison before the termination of his sentence. For the reasons described below, the motion is denied.

## BACKGROUND

In 2007, defendant robbed a United States Post Office at gunpoint. He was a fugitive from justice for approximately four years before he was apprehended in 2011, shooting twice at the United States Marshals in the process. He pleaded guilty to charges of armed postal robbery, assault of federal officers, and unlawful use of a firearm during the assault and, on August 22, 2013, was sentenced to a total term of 240 months' imprisonment to be followed by an 11-year term of supervised release. He is currently incarcerated at Federal Correctional Institution ("FCI") Fort Dix. He has served approximately 110 months of his sentence.

On November 6, 2020, defendant submitted a request for compassionate release to the Warden at FCI Fort Dix. He has received no response.

In the instant motion, defendant argues that he suffers from severe asthma, placing him in a high-risk category for susceptibility to COVID-19. He further argues that he is more susceptible to infection and death on account of being an African American male, and that at 49 he has an increased susceptibility due to his age. Plaintiff claims that the Bureau of Prisons ("BOP") has failed to effectively respond to the COVID-19 pandemic and that the conditions at Fort Dix pose a grave public health risk. It is difficult if not impossible to maintain social distancing at Fort Dix, where prisoners share communal bathrooms and other facilities. Inmate transfers from other institutions also introduce new active cases into the compound. According to the BOP website, Fort Dix presently has 64 inmates and 32 staff members with confirmed active cases of COVID-19,[1] although those numbers were significantly higher just weeks ago.[2]

Defendant's medical records, submitted by the government, demonstrate that he tested positive for COVID-19 on December 21, 2020. There is no indication that he exhibited any symptoms of the coronavirus and he was designated "COVID-19 recovered" as of January 1, 2021. The medical records do not indicate any lasting complications or side effects from defendant's COVID-19 diagnosis.

Defendant states that he deeply regrets his crime and has spent his years in prison working to rehabilitate himself to reenter society as a law-abiding citizen. If released, defendant would live with his fiancée and help support his disabled son.

---

[1] *COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/ (last visited Jan. 26, 2021).

[2] George Woolston, *"Clear and present danger": U.S. Rep. Kim calls for FCI Fort Dix lockdown as cases top 800*, Burlington County Times (Jan. 11, 2021), http://www.burlingtoncountytimes.com/story/news/2021/01/11/u-s-rep-kim-calls-fci-fort-dix-lockdown-cases-top-800/6632119002/.

**DISCUSSION**

In general, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a convicted defendant may bring a motion to reduce the term of his imprisonment under the compassionate release statute. 18 U.S.C. § 3582(c)(1)(A)(i). A defendant may only apply to the court for release under this provision once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden." Id. § 3582(c)(1)(A). The parties agree that defendant has exhausted his administrative rights here.

Upon proper exhaustion, a court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. The moving defendant bears the burden of showing that these factors compel his release. See United States v. Ebbers, No. 02-CR-1144, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (citing United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.")). In determining what constitutes "extraordinary and compelling reasons," a district court has "discretion" to consider "the full slate" of arguments that defendants present to support a sentence reduction. United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" Id. at 238 (quoting 28 U.S.C. § 994(t)).

Although the Sentencing Commission's policy statement explaining "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) does not bind a district court, see id. at 237, it does

provide some guidance. Where a defendant seeks a sentencing modification due to medical conditions, the Sentencing Commission suggests that "extraordinary and compelling reasons" may exist if a defendant is suffering from terminal illness or suffering from a serious condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which [the defendant] is not expected to recover." U.S.S.G. § 1B1.13 cmt. 1(A) (2018).

Even if extraordinary and compelling circumstances exist, they must outweigh the 18 U.S.C. § 3553(a) factors to warrant a reduction in sentence. These factors include, *inter alia*, the nature and circumstance of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, and any pertinent Sentencing Commission policy statement. A sentence reduction is consistent with the Sentencing Commission's policy statements if the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2). The § 3142(g) factors are largely duplicative of those in § 3553(a), but they also include whether the offense is a crime of violence and the weight of the evidence against the defendant.

Here, defendant has not shown that his circumstances are extraordinary and compelling. Although his asthma,[3] age,[4] and race[5] suggest that he has an increased risk of serious illness or death from COVID-19, his medical records demonstrate that he has already contracted COVID-

---

[3] *People with Certain Medical Conditions*, CDC (updated Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[4] *Older Adults*, CDC (updated Dec. 13, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html.

[5] *COVID-19 Hospitalization and Death by Race/Ethnicity*, CDC (updated Nov. 30, 2020), https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-race-ethnicity.html.

4

19 without presenting any symptoms and has recovered without any apparent side effects. Cases of reinfection of COVID-19 have occurred, but they are rare.[6] Further, defendant's mild experience during his first infection suggests that he is not likely to become seriously ill if he contracts it again. Accordingly, the health risks to defendant posed by the COVID-19 pandemic do not constitute extraordinary and compelling circumstances.

The § 3553(a) and § 3142(g) factors also weigh against a sentence reduction. Defendant pleaded guilty to violent crimes, and his conduct gravely endangered members of the community, federal postal employees, and U.S. Marshals. He has a criminal history of serious violent crimes. Before committing the offenses underlying this conviction, defendant served nearly 17 years in prison for a manslaughter conviction. He was under supervision by state parole officers at the time he committed the robbery here. His good behavior in prison is commendable, but these rehabilitation efforts do not establish that he is not a threat to the public because he has previously committed violent crimes after serving an extensive sentence of incarceration for other violent crimes. Finally, defendant has served only 110 months of his 240-month sentence. A reduction to defendant's sentence would diminish his transgressions and

---

[6] *Reinfection with COVID-19*, CDC (updated Oct. 27, 2020), https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html.

undermine the goals of the original sentence, among them, the need to dispense adequate punishment and to deter others.

## CONCLUSION

Defendant's motion to reduce his sentence is denied.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
January 28, 2021

6